## OHIO SAVINGS & TRUST CO. v. HARMAN et al.

(District Court, E. D. Pennsylvania. December 9, 1921.)

No. 8576.

1. **Action ⬤⟿25(4)—In action on note, defendant may set up equitable defense.**

   In a suit against makers of a promissory note, defendants may set up an equitable defense, and pray for cancellation of the note, under Judicial Code, § 274b (Comp. St. § 1251b), and Practice Act Pa. 1915 (P. L. 483) § 14 (Pa. St. 1920, § 17194).

2. **Dismissal and nonsuit ⬤⟿43(4)—Pleading ⬤⟿268—Affidavit of defense, though not indorsed, held to entitle defendant to reinstatement after discontinuance.**

   Failure to indorse an affidavit of defense, setting up an equitable defense, with the required notice to the plaintiff provided by Practice Act Pa. 1915, § 15 (Pa. St. 1920, § 17195), while imperative, is a matter of practice, which is not necessarily fatal, and an order of discontinuance entered may be stricken, and leave be given defendants to indorse their affidavit and to serve a copy on the plaintiff.

In Equity. Suit by the Ohio Savings & Trust Company against William H. Harman and another. On motion by defendant to amend order of discontinuance. Order stricken on condition.

Theodore S. Paul and George W. Pepper, both of Philadelphia, Pa., for plaintiff.

Frank A. Moorshead, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge.	[1] This was a suit brought by the holder against the makers of a promissory note. The affidavit of defense sets up an equitable defense, the sufficiency of which is not properly before the court for consideration upon the present motion. It contains a prayer for cancellation of the note. Section 274b of the Judicial Code (Comp. Stat. § 1251b; Act March 3, 1915, c. 90, 38 Stat. 956) provides as follows:

"In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject-matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

By the Pennsylvania Practice Act of 1915 (P. L. 483, § 14; Pa. St. 1920, § 17194) it is provided:

"If in any case in which the defendant sets up a counterclaim, the action of the plaintiff is discontinued, dismissed, or a voluntary nonsuit suffered, the counterclaim, nevertheless, may be proceeded with."

If the defense set up is sufficient as against the plaintiff, the defendants may proceed to establish the affirmative relief prayed for. Counsel for the plaintiff agreed at bar that, if the court held that the defendants' motion should be allowed, the order to discontinue might be stricken off.

[2] The defendants, however, have not complied with the provisions of section 15 of the Practice Act of 1915 (Pa. St. 1920, § 17195), in that they have failed to indorse the affidavit of defense with the required notice to the plaintiff. If the affidavit of defense had been so indorsed, the clerk would not have entered the order to discontinue without leave of court. The situation, therefore, is due to the defendants' failure to comply with the statute.

As this, however, is a matter of practice, which, while imperative, is not necessarily fatal, an order may be entered, striking off the order of discontinuance, giving the defendants leave to indorse their affidavit of defense in accordance with the Practice Act of 1915 (Pa. St. 1920, §§ 17181–17204), and to serve a copy thereof upon the plaintiff or its attorney; the plaintiff to have 15 days from the service thereof to file a reply.